IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

STANLEY BEAVERS, JR.                                                                                      PLAINTIFF

v.                                           No. 3:04CV00318 JLH

BOB BRETHERICK, individually and
in his official capacity as the Jail Administrator
of Crittenden County; DICK BUSBY, individually
and in his official capacity as the Sheriff of
Crittenden County; and CRITTENDEN COUNTY,
ARKANSAS                                                                                              DEFENDANTS

**OPINION AND ORDER**

Stanley Beavers brought federal claims for violation of his civil rights under the Fourth and Eighth Amendments and 42 U.S.C. § 1983 against Crittenden County, Arkansas, and two of its law enforcement officers, Sheriff Dick Busby and Jail Administrator Bob Bretherick, in their individual and official capacities. The defendants have filed a joint motion for summary judgment. For the following reasons, this motion is granted in part and denied in part.

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis of its motion and identifying the portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Group Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 763 (8th Cir. 2003). When the

moving party has carried its burden under Rule 56(c), the non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1985) (quoting FED. R. CIV. P. 56(e)). The non-moving party sustains this burden by showing that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When a non-moving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. In deciding a motion for summary judgment, the Court must view the facts and inferences in the light most favorable to the party opposing summary judgment. *Boerner v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 841 (8th Cir. 2001) (citing *Rabuska v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997)). If the evidence would allow a reasonable jury to return a verdict for the non-moving party, summary judgment should be denied. *Derickson v. Fidelity Life Assoc.*, 77 F.3d 263, 264 (8th Cir. 1996) (citing *Anderson*, 477 U.S. at 248).

## I.

Beavers was arrested by the West Memphis Police Department on a charge of failure to comply with a previous suspended sentence and incarcerated in the Crittenden County Jail on July 24, 2001. The record does not reveal the length of Beavers's incarceration.

Beavers filed his complaint on September 10, 2004. Count I of Beavers's complaint alleges:

> 8. On or about September 10, 2001, Administrator Bretherick entered the cell of Plaintiff, Stanley Beavers, Jr., and used excessive force when kicking Plaintiff in the head until his skull split open.
> \* \* \*
> 11. Plaintiff alleges that his unlawful and unreasonable assault by Defendant

> Bretherick with the use of excessive force was in violation of his rights to equal protection of the laws and impeded the due cause of justice in violation of the Fourth Amendment to the Constitution of the United States and 42 U.S.C. 1983.

Count II of the complaint alleges:

> Plaintiff was assaulted by Administrator Bretherick while he was acting under the color of law as an employee, policy maker and officer of Crittenden County and the State of Arkansas constituting a deprivation of Plaintiff's rights and privileges secured by the Constitution and laws of the United States as defined by 42 U.S.C. 1983. Those rights include, but are not limited to, Plaintiff's Eighth Amendment rights to be (1) free from cruel and unusual punishment, (2) free from inhumane conditions of confinement, (3) free from deliberate indifference to his health and safety, (4) free from excessive force and (5) free from unreasonable bodily intrusions.

Beavers further alleged that "prior to September 10, 2001, Sheriff Busby and Crittenden County, Arkansas had knowledge that Administrator Bretherick was assaulting inmates including, but not limited to, Plaintiff."

The defendants filed a joint motion for summary judgment on August 25, 2005. Beavers failed to respond to this motion, but later filed a motion for voluntary nonsuit without prejudice. The Court granted Beavers's motion, dismissing his complaint without prejudice.[1] On appeal, however, the Eighth Circuit reversed and remanded with instructions to rule on the defendants' motion for summary judgment.[2]

Because Beavers failed to respond to the defendants' motion for summary judgment, the defendants' statement of material facts is deemed admitted.[3] For purposes of ruling on the motion

---

[1] *Beavers v. Bretherick*, No. 3:04CV318 (E.D. Ark. Oct. 24, 2005).

[2] *Beavers v. Bretherick*, No. 05-4244, slip op. at 7 (8th Cir. Apr. 16, 2007).

[3] If the party opposing a motion for summary judgment fails to contest the facts stated by the moving party, those facts are deemed admitted. D. Ark. R. 56.1.

for summary judgment, the following facts are therefore not in dispute.

On September 10, 2001, Beavers threw himself onto the floor of his cell several times, causing his head to split open. He was taken to a local emergency room where he received treatment for his head wound. Upon his return to the jail, Beavers was placed in a holding cell in the front of the jail so that he could be more closely observed. Later that day, Beavers was released to the custody of a local mental health hospital.

Bretherick did not kick Beavers on September 10, 2001. Bretherick testified in his affidavit: "I never kicked or struck Stanley Beavers on September 10, 2001. I have pled guilty to striking Beavers, but that was on December 11, 2001."[4]

As the law enforcement and jail policymaker for Crittenden County, Busby has adopted and implemented a set of policies and procedures to govern the conduct of all personnel in the Sheriff's Department, including jailers, and to govern the treatment of inmates. These policies require all county deputies, including jailers, to comply with all applicable law with regard to any law enforcement or jail operational activity, including any use of force against an inmate. Any use of force must consist only of the minimum amount of force necessary to achieve a legitimate law enforcement objective, such as maintaining the safety of officers and inmates. Any risk to an inmate's health or safety made known to a county employee in any way is to be immediately reported

---

[4] Bretherick was indicted in a four-count second superseding indictment in *United States v. Bretherick*, E.D. Ark. Case No. 4:04CR9. Count One charged Bretherick with kicking Beavers in the head on September 10, 2001, in violation of 18 U.S.C. § 242. Count Two charged him with threatening a witness who testified before the grand jury in violation of 18 U.S.C. § 1512(b)(1). Count Three charged him with threatening to shoot another witness who testified in the grand jury. Count Four charged him with punching Beavers on or about December 11, 2001, in violation of 18 U.S.C. § 242. Bretherick entered a plea of guilty to Count Four. The other three counts were dismissed on motion of the United States.

to a superior officer. When a risk to an inmate is reported, county policy requires that an investigation be conducted and appropriate action taken to alleviate the risk. These polices were in effect at the time of Beavers's incarceration.

Busby was not aware of any allegations of the use of excessive force against inmates by Bretherick, either prior to or during the time of Beavers's incarceration in late 2001. When Busby later learned of Beavers's allegation that Bretherick had kicked him in the head, Busby began a county investigation and cooperated with the FBI's investigation. Busby has authority over Bretherick and all other subordinate officers, none of whom has the authority to violate any of the county's policies.

## II.

The defendants contend that each of them is entitled to summary judgment on several grounds. The arguments relevant to each defendant are addressed separately below.

**A.     Crittenden County**

Forty-two U.S.C. § 1983 provides that any "person" acting under color of state law who subjects another to the deprivation of constitutional rights shall be liable to the injured party. A local governmental body such as a county is considered a "person" subject to § 1983 liability. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 832 (8th Cir. 2005). A county may not be held vicariously liable, however, for the unconstitutional acts of employees. *See, e.g.*, *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A county may be held liable only for constitutional violations which result from a policy or custom of the county. *E.g.*, *Scheeler*, 402 F.3d at 832; *Mettler*, 165 F.3d at 1204.

The Eighth Circuit does not use the terms "policy" and "custom" interchangeably when

analyzing a governmental body's potential liability under § 1983. *Mettler*, 165 F.3d at 1204. This Court must therefore consider whether the defendants have established that Crittenden County did not violate Beavers's constitutional rights through the implementation of either its policies or its customs. *See id.*

"[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Id.* The defendants have established that Busby, who is the policymaker for the county with regard to law enforcement, adopted and implemented policies to govern the treatment of inmates at the county jail. These policies require all jailers to comply with the law with regard to any use of force against any inmate and to use only the minimum amount of force necessary. The policies further require all county employees to report any known threat to an inmate's health or safety. Thus, even assuming that Bretherick assaulted Beavers at some point during his incarceration and that Busby knew about it, these alleged violations did not result from the implementation of Crittenden County's policies.

To prove that a "custom" exists, a plaintiff must prove (1) the existence of a continuing, widespread pattern of unconstitutional misconduct by employees; (2) deliberate indifference to or tacit authorization of such misconduct by the governmental entity's policymaking officials after notice to the officers of the misconduct; and (3) the custom was the "moving force" behind the constitutional violation. *Id.* Busby, the policymaker in this case, did not know of Bretherick's alleged misconduct until after it had occurred. When he learned of the allegation, he began an investigation in accordance with the county's policies. Bretherick was not authorized to violate any of the county's policies. The defendants have thus established that Busby, after receiving notice of the alleged misconduct, did not act with deliberate indifference or tacitly authorize Bretherick's

actions. Beavers's alleged injury therefore did not result from a "custom" of Crittenden County.

The defendants have established that the alleged violation of Beavers's constitutional rights did not result from a policy or custom of Crittenden County. The defendants' motion for summary judgment as to Crittenden County is granted.

**B.    Busby and Bretherick in their Official Capacities**

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). A § 1983 plaintiff must therefore establish the existence of a policy or custom resulting in his alleged injury to recover against public employees in their official capacities. *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984).

As explained above, the defendants have established that the alleged violation of Beavers's constitutional rights did not result from a policy or custom of Crittenden County. The defendants' motion for summary judgment as to Busby and Bretherick in their official capacities is granted.

**C.    Busby in his Individual Capacity**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "A defendant will not be held liable under 42 U.S.C. § 1983 unless he was personally involved in causing the deprivation of a constitutional right or he either has or is charged with having actual knowledge that his subordinates are causing deprivations of constitutional rights." *Triplett v. Azordegan*, 570 F.2d 819, 823 (8th Cir. 1978).

Beavers does not allege that Busby personally assaulted him or that Busby is "charged with" having actual knowledge of his subordinates' actions in his role as Crittenden County Sheriff. In his

claims against Busby, Beavers alleges that Busby had actual knowledge that Bretherick was assaulting inmates and failed to take corrective action. Count I alleges that "Sheriff Busby was made aware of the claims that [Bretherick] was assaulting inmates" prior to the matters complained of by Beavers, but "failed and refused to take any action or to create or implement any policy or procedure to prohibit further crimes against the inmates." Count II alleges that Busby was "aware of the risk of serious harm and disregarded the risk of serious harm by acting in a manner that was deliberately indifferent to the risk of serious harm," and that Busby "had knowledge that Administrator Bretherick was assaulting inmates including, but not limited to, [Beavers]," prior to September 10, 2001.

The defendants have established that Busby was not aware of any allegations of the use of excessive force against inmates by Bretherick, either before or during Beavers's incarceration. Because Busby did not have actual knowledge of the alleged constitutional violations at the time in question, he is not subject to personal liability under § 1983. The defendants' motion for summary judgment as to Busby in his individual capacity is granted.

### D.    Bretherick in his Individual Capacity

The defendants' primary argument is that Bretherick is entitled to summary judgment because he did not kick or strike Beavers on September 10, 2001. The defendants also contend that Beavers's action is time-barred and that Bretherick is entitled to qualified immunity. Each of these arguments is addressed separately below.

#### 1.    Beavers's Allegations of Assault

The defendants assert that Beavers's complaint states only one allegation, that Bretherick kicked Beavers in the head on September 10, 2001. Thus, the defendants argue, Bretherick is

entitled to summary judgment because the undisputed fact is that he did not kick Beavers on that date. As explained below, however, the defendants have mischaracterized Beavers's claims against Bretherick and have not established that Bretherick did not, in fact, assault Beavers in a manner consistent with the allegations stated in the complaint.

"Under the liberal notice pleading standards of the Federal Rules of Civil Procedure, [a litigant is] only required to give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Shurgard Storage Ctrs. v. Lipton-U. City, LLC*, 394 F.3d 1041, 1046 (8th Cir. 2005) (quoting FED. R. CIV. P. 8(a)). "The essential function of notice pleading 'is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (quoting *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979)). A pleader is not required to set forth specific facts to support the general allegations of a complaint, *Great Atl. & Pac. Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of N. Am., Local Union No. 88, AFL-CIO*, 410 F.2d 650, 652 (8th Cir. 1969), as the purpose of notice pleading is merely to give fair notice to the other party and not to formulate issues or fully summarize all of the facts involved, *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 390 (8th Cir. 1968). *See also Sparks v. England*, 113 F.2d 579, 581 (8th Cir. 1940) (plaintiff need not plead every fact essential to his right to recover the amount claimed).

Moreover, "[a]ll pleadings shall be so construed as to do substantial justice." FED. R. CIV. P. 8(f). "[P]leadings must be construed liberally to prevent errors in draftsmanship or the like from barring justice to litigants," and "must be construed favorably to the pleader and judged by substance rather than form." *Mut. Creamery Ins. Co. v. Iowa Nat'l Mut. Ins. Co.*, 427 F.2d 504, 507-08 (8th

9

Cir. 1970). *See also Phillips v. Grendahl*, 312 F.3d 357, 365 (8th Cir. 2002) (for purposes of notice pleading, "lack of permissible purpose" for obtaining a consumer credit report was implicit in the allegation that the defendants had an "impermissible purpose"); *E. I. du Pont de Nemours & Co. v. Berkley & Co., Inc.*, 620 F.2d 1247, 1268 n.37 (8th Cir. 1980) ("ambiguous pleadings are to be construed liberally in favor of the pleader"); *Windsor v. Bethesda Gen. Hosp.*, 523 F.2d 891, 893 (8th Cir. 1975) (pleadings in civil rights actions are to be liberally construed).

As detailed above, Count I of Beavers's complaint states that "[o]n or about September 10, 2001," Bretherick kicked Beavers in the head. This language indicates that the alleged kicking incident occurred in the general time frame of September 10, 2001, not that the allegation is limited to that date alone. Count II states that Beavers "was assaulted by Administrator Bretherick while he was acting under the color of law." Count II does not specify an approximate date or dates, nor does it limit the claim to any specific form of assault.

Because Beavers did not file the statement required by Local Rule 56.1, for purposes of ruling on this motion for summary judgment, it is deemed admitted that Bretherick did not kick or strike Beavers on September 10, 2001. However, Bretherick's affidavit does not deny that he kicked or otherwise assaulted Beavers on another date. The defendants have produced no evidence that Bretherick did not assault Beavers on any date other than September 10, 2001. Indeed, Bretherick's affidavit filed in support of his motion for summary judgment states that he struck Beavers on December 11, 2001. This incident was clearly an "assault."

While Beavers's complaint is not exceptionally well-drafted, it is adequate to give Bretherick fair notice that Beavers claims violations of his constitutional rights resulting from any assault that Bretherick may have committed upon Beavers while Bretherick was acting in his role as Crittenden

County Jail Administrator. It is not reasonable to construe the complaint as alleging only a claim that Bretherick kicked Beavers in the head on the specific date of September 10, 2001. The defendants' proof that Bretherick did not commit this specific act does not entitle him to summary judgment.

### 2. Statute of Limitations

As discussed above, the defendants incorrectly assert that Beavers's only allegation against Bretherick is that Bretherick kicked him on September 10, 2001. Based on this assumption and the fact that Beavers filed his complaint on September 10, 2004, the defendants contend that Beavers's claims fall outside the applicable three-year statute of limitations.

Claims under § 1983 are governed by Arkansas's general personal-injury statute of limitations, which provides for a three-year limitations period. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Citing this limitations period, the defendants argue:

> In light of the above-cited law, Plaintiff's claims are time-barred and must be dismissed in their entirety unless Plaintiff can offer proof to show that his cause of action was filed within 3 years from the "moment" he was allegedly kicked in the head by Defendant Bretherick. Since Plaintiff can offer no proof to show either when he was allegedly kicked (because he can offer no proof of such a kick in the first place) or of the time of day of the filing of his Complaint, Plaintiff's Complaint should be dismissed in its entirety.

According to the defendants, "if Plaintiff alleged that he was kicked at 2:00 p.m. on 09/10/01, he would have to show that he filed his Complaint before 2:00 p.m. 09/10/04 in order to show that he had filed his Complaint within three years from the 'moment' his cause of action accrued." The defendants' interpretation of the application of the statute of limitations is erroneous. Arkansas law provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run *shall not*

*be included.*" ARK. R. CIV. P. 6(a) (2006) (emphasis added). Even if Beavers were basing his claims solely on an event that occurred on September 10, 2001, the three-year limitations period would begin to run the following day and would thus encompass September 10, 2004. Limitations is an affirmative defense. FED. R. CIV. P. 8(c). Whenever it is not clear from the complaint that the action is barred by limitations, the burden is on the defendant to show that the action is barred. *Alston v. Bitely*, 252 Ark. 79, 97, 477 S.W.2d 446, 458 (1972); *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004); *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991). Even accepting defendants' argument that it is uncertain as to whether the claim is barred, the burden of proof on this issue is on them. Defendants have not met their burden on the limitations issue.

### 3. Qualified Immunity

Qualified immunity shields law enforcement officers from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). "Qualified immunity is an affirmative defense for which the defendant carries the burden of proof." *Sparr v. Ward*, 306 F.3d 589, 593 (8th Cir. 2002). The purpose of qualified immunity is to allow public officials to perform their duties in a manner they believe to be correct without fear for their own financial well-being. *Id.* "Toward this end, the rule has evolved that an official performing discretionary functions will generally be immune from liability unless a reasonable person in his position would have known his actions violated clearly established law." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987)).

"A court engaged in a qualified immunity inquiry uses a two-step process." *Lawyer v. City*

*of Council Bluffs*, 361 F.3d 1099, 1103 (8th Cir. 2004). The first question is, taken in the light most favorable to the party asserting the injury, whether the facts alleged show that the official's conduct violated a constitutional right. *Craighead v. Lee*, 399 F.3d 954, 961 (8th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001)). "If the facts, taken in the light most favorable to the party asserting the injury, show that the [official's] conduct violated a constitutional right, the second question is whether the right was clearly established." *Id*.

An inmate's right to be free of unwarranted assaults by law enforcement personnel is clearly established. "The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998). The Eighth Amendment forbids "cruel and unusual punishment," and the Supreme Court has held that "unnecessary and wanton" inflictions of pain, which include inflictions of pain that are "totally without penological justification," constitute "cruel and unusual punishment." *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S. Ct. 2508, 2514, 153 L. Ed. 2d 666 (2002).

Viewing the pleadings and the evidence in the light most favorable to Beavers, he has shown a violation of these rights. Beavers alleges in Count I that Bretherick entered the jail cell where Beavers was held and kicked him in the head until his skill split open. Count II contains the more general allegation that Bretherick "assaulted" Beavers. The record shows that Bretherick struck Beavers on December 11, 2001. Under clearly established law, a reasonable officer would know that these acts violate an inmate's constitutional rights.

Citing *Greiner v. City of Champlin*, 27 F.3d 1346, 1354 (8th Cir. 1994), the defendants point out that "[t]he force employed by an officer is not excessive and thus not violative of the Fourth Amendment if it was 'objectively reasonable under the particular circumstances.'" The defendants

13

have neither alleged nor produced any evidence, however, that any particular circumstances existed that justified an assault by Bretherick upon Beavers. The Court thus cannot conclude that Bretherick's alleged actions were objectively reasonable, and Bretherick is not entitled to qualified immunity.

## CONCLUSION

Defendants Crittenden County, Arkansas; Dick Busby and Bob Bretherick in their official capacities; and Dick Busby in his individual capacity have established a prima facie case of entitlement to summary judgment. Beavers has failed to meet proof with proof. The defendants' joint motion for summary judgment is granted as to these defendants. Document #13. The defendants have not established, however, that Bob Bretherick in his individual capacity did not violate Beavers's constitutional rights. The defendants' joint motion for summary judgment is denied as to Bob Bretherick in his individual capacity. Document #13.

IT IS SO ORDERED this 14th day of May, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE